Filed 8/31/15  P. v. Sanders CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J'JUAN JASON SANDERS,<br><br>    Defendant and Appellant. | A143469<br><br>(Contra Costa County<br>Super. Ct. No. 5-141416-8) |

Defendant J'juan Jason Sanders appeals from a conviction for attempted arson. His counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.)  Counsel notified defendant that he may file a supplemental brief with the court, but defendant did not submit his own brief.  Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

*Charges*

Defendant was charged with one count of attempted arson (Pen. Code,[1] § 451, subd. (d), 664) in an information filed July 7, 2014.  In addition, the information alleged

---

[1] All statutory references are to the Penal Code.

one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12), two other prior felony convictions (§ 1203, subd. (e)(4)), and a prior prison term (§ 667.5, subd. (b)).

Trial of the sentence enhancement allegations was bifurcated, and a jury trial on the attempted arson charge began on September 3, 2014.

*Facts*

On June 2, 2014, the day prior to the incident, defendant and his sister had an argument that turned violent and resulted in defendant's arrest. After he was released from jail that evening, defendant was told his sister had poured bleach and ammonia in the gas tank of his motorcycle and car. The next day, he had an angry telephone call with his mother, during which he told her he was going to burn his sister's car. He then drove to his mother's house and grabbed an empty gas can from the garage, saying he was going to have "the last laugh." He returned within 15 minutes and started pouring gasoline inside and over his sister's minivan, which was parked in front of the house.

When police arrived on the scene, defendant was pouring gasoline on the van. Immediately after they alerted him to their presence, defendant put down the gas can and moved away from the vehicle. During a subsequent search, police found a cigarette lighter and a crumpled paper bag in defendant's pockets, and he was arrested.

In testifying at trial, defendant did not deny the substance of the events described above. He explained that he was angry because his sister was not detained after the argument and police did not take seriously his complaint about her vandalism of his vehicles. In pouring gasoline in and on the car, defendant said, he intended only to vandalize it by creating an odor and damaging the paint. He had no intention of actually starting a fire. He said he had a cigarette lighter because he is a smoker.

*Trial Court Rulings*

Defendant's motion to admit body camera tape taken during his arrest, when he made exculpatory statements to the police, was denied. The trial court did admit evidence of a filmed police interview with defendant's mother, after she made repeated claims not to remember the day of the incident. The court found the claims to be "deliberate evasion" and admitted the statements to police as prior inconsistent

2

statements. The trial court also permitted the introduction during defendant's testimony of evidence of his convictions for being a felon in possession of firearm in 2011, and battery on a police officer in 2006.

### *Verdict, Sentence, and Appeal*

Defendant was found guilty of attempted arson. The trial court found true the prior strike and prior felony conviction allegations, but it found insufficient evidence to support the prior prison term allegation. The court later struck the prior strike conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, found unusual circumstances, and placed defendant on probation. He was also required to serve a term of one year in jail, most of which was offset by custody credits. Defendant filed a timely notice of appeal.

## DISCUSSION

Having independently reviewed the entire record, we find no arguable issue that would result in a disposition more favorable to defendant, and there are no issues requiring further briefing. The primary issue of dispute at trial was the admissibility of defendant's mother's interview with the police. It is well-established that a witness's prior statements to police may be admitted as prior inconsistent statements if the witness claims a lack of memory in a deliberate attempt to evade testifying. (E.g., *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 415.) The trial court did not abuse its discretion in concluding the mother's claimed lack of memory was deliberately evasive.

We otherwise find nothing amiss in the proceedings. Defendant was ably represented by counsel during the jury and nonjury phases and at sentencing. His conviction was supported by the evidence. The jury was correctly instructed. We find no meritorious sentencing issues requiring reversal of the judgment.

## DISPOSITION

The judgment is affirmed.


_____
Margulies, J.


We concur:


_____
Humes, P.J.


_____
Dondero, J.


4